

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE CEASAR,                 :
                                :
      Petitioner                :
                                :      CIVIL NO. 4:CV-09-0669
                                :
      v.                        :      (Judge Jones)
                                :
FEDERAL BUREAU OF               :
PRISONS, *et al.*,              :
                                :
      Respondents               :

---

MAURICE CEASAR,                 :
                                :
      Petitioner                :
                                :      CIVIL NO. 4:CV-09-0775
                                :
      v.                        :      (Judge Jones)
                                :
FEDERAL BUREAU OF               :
PRISONS, *et al.*,              :
                                :
      Respondents               :

## <u>MEMORANDUM</u>

July 6, 2009

Petitioner Maurice Ceasar ("Petitioner" or "Ceasar"), an inmate confined at the

Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville,

Pennsylvania, initiated the above actions by filing nearly identical Petitions for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the action filed on April 13, 2009 at Civil No. 4:CV-09-0669, Ceasar requested leave to proceed *in forma pauperis*. In the action filed on April 21, 2009 at Civil No. 4:CV-09-0775, Ceasar paid the required $5.00 filing fee. For the reasons set forth below, the Petitions in both cases will be dismissed as successive petitions pursuant to 28 U.S.C. § 2244(b).

## I.    BACKGROUND

The Petitions filed in both of the above-captioned cases name the following Respondents: the Northeast Region of the Federal Bureau of Prisons ("BOP"); Records (CSO), ISM Examiners, and Warden T.R. Sniezek of FCI Schuylkill; and the DSC Operation Manager's Office.[1] Although the wording of the Petitions filed at the two separate docket numbers differs slightly, both Petitions challenge the BOP's calculation of the time Ceasar owes on a sentence imposed by the District of Columbia Superior Court in 1983 and contain the same requests for relief. Specifically, in both Petitions, Ceasar requests that this Court confirm that his actual release date should be 2012 rather than 2015 based on its disposition of his Petition for Writ of Habeas Corpus filed at Civil No. 4:CV-07-2201.[2] (*See* Civil No. 4:CV-

---

[1] In the Petition filed at Civil No. 4:CV-09-0775, Ceasar more specifically identifies Augustus Faller as the Respondent from the DSC Operation Manager's Office.

[2] By Memorandum and Order dated March 25, 2009, this Court denied Ceasar's Petition for Writ of Habeas Corpus challenging the BOP's calculation of the time remaining on his 1983
(continued...)

2

09-0669, Doc. 1 at 1, 4, 10; Civil No. 4:CV-09-0775, Doc. 1 at 1, 2, 4).

## II. DISCUSSION

As stated in the March 25, 2009 Memorandum denying Ceasar's previous Petition, District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes, and therefore, they must rely on section 2254, rather than 28 U.S.C. § 2241, to bring claims challenging the validity or the execution of their sentence. *See Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002); *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). Accordingly, the instant Petitions are construed as having been filed under 28 U.S.C. § 2254.

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977). Because Petitioner already has filed a Petition for Writ of Habeas Corpus that has been denied by this

---

[2](...continued)
sentence and requesting that this Court terminate the term of supervised release that he will be required to serve pursuant to a 2007 sentence imposed by the District of Columbia Superior Court on charges of second degree burglary and second degree theft. (*See* Civil No. 4:CV-07-2201, Doc. 35).

[3] Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Court, the instant Petitions are subject to the authorization requirements set forth in 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In pertinent part, the AEDPA mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a *prima facie* showing that the application satisfies the substantive requirements of section 2244, which are set forth in 28 U.S.C. § 2244(b)(2).[4] *See* 28 U.S.C. § 2244(b)(3)(C).

AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals

---

[4] 28 U.S.C. § 2244(b)(2) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *Burton v. Stewart,* 549 U.S. 147 (2007). Ceasar neither has sought nor received permission from the Third Circuit to file a successive petition. Therefore, the instant Petitions should be dismissed because this Court lacks jurisdiction over them. *Id.* at 152-54. Without jurisdiction, this Court cannot examine the merits of Petitioner's claims. Accordingly, the Petitions will be dismissed.[5] An appropriate Order shall issue.

---

[5] To the extent that the filing of the instant Petitions was an attempt by Ceasar to seek reconsideration of this Court's disposition of his Petition filed at Civil No. 4:CV-07-2201, the proper vehicle for seeking reconsideration would have been through a properly filed motion pursuant to M.D. Pa. LR 7.10. The Court notes that, despite its denial of a certificate of appealability, Ceasar filed a Notice of Appeal to the Third Circuit Court of Appeals on April 2, 2009. *See* Civil No. 4:CV-07-2201, Doc. 37.